O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DANNY MCGEE OWENS, | Case NO. CV 12-5626-SJO (MLG) |
| Petitioner, | |
| v. | ORDER DENYING MOTION TO ALTER JUDGMENT |
| LINDA SANDERS, WARDEN, | |
| Respondent. | |

**I.   Background**

This matter is before the Court on Petitioner Danny McGee Owens' motion to alter judgement, filed January 9, 2013. The underlying facts were outlined in detail in the Magistrate Judge's Report and Recommendation, filed December 12, 2012. They will be repeated here in order to give context to this order.

Petitioner is currently a federal prisoner incarcerated at the Federal Correctional Institute at Lompoc, California. On April 11, 1994, Petitioner was convicted of conspiracy to operate an illegal gambling business, operating an illegal gambling business, and 13 counts of money laundering, in the United States District Court for the Western District of Tennessee. 18 U.S.C. §§ 371, 1952, 1955-56. On September 29, 1995, he

was sentenced to a 327-month term of imprisonment.

On appeal, the United States Court of Appeals for the Sixth Circuit affirmed the judgment. *United States v. Owens*, 159 F.3d 221 (6th Cir. 1998), *cert. denied*, 528 U.S. 817 (1999). In February 2001, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255 in the Western District of Tennessee. That petition was denied on October 1, 2002, on the basis that it was time-barred.

No further action was taken to challenge the judgment until October 2008, when Petitioner filed an application for leave to file a successive motion under section 2255 in the Sixth Circuit. Alternatively, Petitioner requested that his application be deemed to be one seeking relief under section 2241. In that application Petitioner alleged that the Supreme Court's decision in *United States v. Santos*, 553 U.S. 507 (2008) ("Santos"), which narrowed the definition of proceeds under the money laundering statute, rendered his money laundering conviction invalid. Petitioner also claimed that under the new definition of proceeds, he was actually innocent of the offenses.

On June 4, 2009, the Sixth Circuit denied the application. The Court refused to authorize the filing of a successive motion because there was no new evidence presented which would allow a reasonable fact-finder to conclude that Petitioner was not guilty of the underlying offenses, and also because he had failed to establish that *Santos* had been made retroactive to cases on collateral review. In addition, the Court held that it would not construe the petition as one brought under section 2241. The Court concluded that the *Santos* challenge was properly raised in the section 2255 motion, and that Petitioner had failed to demonstrate that section 2255 was an inadequate or ineffective remedy to test the legality of his conviction.

On August 13, 2009, Petitioner turned to this Court and filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner raised the very same claims that were presented to and rejected by the Sixth Circuit in his 2008 application for leave to file a successive section 2255 motion. On December 1, 2009, Magistrate Judge Marc L. Goldman issued a Report and Recommendation construing the petition as a motion brought under 28 U.S.C. § 2255 because the petition was a challenge to the validity of the underlying sentence, and not the manner in which the sentence was being executed. The Report further found that Petitioner had not met the requirements of the "savings clause" or "escape hatch" provision of section 2255, which would have allowed Petitioner to seek relief under section 2241, because Petitioner had not shown actual innocence, and because he had a prior "unobstructed procedural shot" at presenting his *Santos* claim when he pursued relief in the Sixth Circuit. On January 11, 2010, this Court accepted and adopted the Report and Recommendation, and entered judgment dismissing the petition without prejudice. *Owens v. Sanders*, Case No. CV 09-5907-SJO (MLG), 2010 WL 97985 (C.D. Cal. Jan. 11, 2010). On November 8, 2012, the United States Court of Appeals for the Ninth Circuit denied Petitioner's request for a certificate of appealability. *Owens v. Sanders*, Case No. 10-55355.

On June 28, 2012, Petitioner filed the underlying Petition, again asserting the very same substantive claim previously presented to both the Sixth Circuit and this Court, namely that he is entitled to relief under *Santos*. Petitioner also repeated his argument that section 2241 provides the only avenue for relief because section 2255 is inadequate and ineffective to test the legality of his detention. Further, Petitioner relied in part on the Sixth Circuit's April 12, 2012,

3

decision holding that *Santos* applies retroactively on collateral review. *Wooten v. Cauley*, 677 F.3d 303, 308-09 (6th Cir. 2012) ("*Wooten*").

On November 7, 2012, Magistrate Judge Goldman issued a Report and Recommendation finding, for the second time, and in accordance with the Sixth Circuit's prior decision in Petitioner's case, that Petitioner's challenge under *Santos* was a challenge to the conviction obtained in and the sentence imposed by the United States District Court for the Western District of Tennessee in 1994. As such, the Court lacked jurisdiction over the Petition. It was further found, for the second time, that Petitioner was not entitled to relief under the "escape hatch" provision of section 2255 because he had an "unobstructed procedural shot" at raising his challenge when he pursued relief under *Santos* before the Sixth Circuit. Regarding Petitioner's reliance on *Wooten*, the Report noted that there was no United States Supreme Court or Ninth Circuit authority holding that *Santos* was retroactive. Furthermore, to the extent Petitioner believed he was entitled to relief under Sixth Circuit authority, it was noted that Petitioner was not precluded from pursuing relief in that court. *Owens v. Sanders*, No. CV 12-5626-SJO (MLG), 2012 WL 6213790 (C.D. Cal. Nov. 7, 2012). On December 13, 2012, this Court accepted and adopted the Report and Recommendation, and entered judgment dismissing the petition without prejudice. *Owens v. Sanders*, No. CV 12-5626-SJO (MLG), 2012 WL 6489341 (C.D. Cal. Dec. 13, 2012). On the same date, a certificate of appealability was denied.

On January 9, 2013, Petitioner filed this motion to alter judgment under Rule 59(e) and Rule 60)(b)(6) of the Federal Rules of Civil Procedure. Respondent filed on opposition on February 15, 2013, and Petitioner filed a rebuttal. For the reasons discussed below, Petitioner's motion is denied.

## II. <u>Analysis</u>

Rule 59(e) permits a court to alter or amend a judgment. However the rule is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice 59.30[4] (3d ed. 2000)). A motion under Rule 59(e) should not be granted unless the court is presented with new evidence, the movant demonstrates that the judgment was based on a clear error of law or fact, or there has been an intervening change in controlling law. *See Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011).

Federal Rule of Civil Procedure 60(b) permits a court to relieve a party from final judgment for the reasons given in one of six clauses. These include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). Petitioner relies on the sixth clause, which is the "catch-all" provision.

In the motion, Petitioner repeats his contention that he is entitled to relief under the savings clause of section 2241. In 2010, this Court rejected that argument, concluding that Petitioner had an "unobstructed procedural shot" at raising his *Santos* claim when he pursued relief under *Santos* in the Sixth Circuit. *Owens*, 2010 WL 97985, at *4. The Ninth Circuit denied a certificate of appealability on the issue. *Owens v. Sanders*, Case No. 10-55355. This Court reached the same conclusion in 2012. *Owens*, 2012 WL 6213790, at *4. The issue has been conclusively decided against Petitioner twice by this Court, and the

Ninth Circuit has declined to certify the issue on appeal.

The only thing that changed between Petitioner's first and second petitions to this Court is the Sixth Circuit's decision in *Wooten*. In this regard, Petitioner primarily takes issue with the statement in the November 7, 2012 Report and Recommendation that "[t]here appears to be no restriction on Petitioner *attempting* to secure permission from the Sixth Circuit to file a second or successive motion based on that circuit's own case law and interpretation of the applicability of *Santos*." *Owens*, 2012 WL 6213790, at *5 (emphasis added). Petitioner claims this was wrong because, although he has made no request for relief under *Wooten*, he is certain that he cannot make the requisite showing in the Sixth Circuit.

Petitioner neglects to mention the discussion immediately preceding this statement in the Report and Recommendation. The Court explained that, unlike the Sixth Circuit's decision in *Wooten*, there is no United States Supreme Court authority holding that *Santos* is retroactive to cases on collateral review. Likewise, there is no Ninth Circuit decision holding that *Santos* applies retroactively on collateral review. *Id.* (citing *Reeder v. English*, Civil No. 10-3292, 2012 WL 4741591, at *3 (D. Minn. Oct. 4, 2012) (acknowledging that the Sixth Circuit in *Wooten* and other circuits have concluded *Santos* applies retroactively, but declining to apply *Santos* retroactively in district court proceedings in the Eighth Circuit because that circuit had not spoken on the issue)). The Court then explained that Petitioner had not sought relief in the Sixth Circuit, based on its own conclusion that *Santos* is retroactive, and clarified that it was not precluding Petitioner from attempting to obtain relief from the very circuit that issued the decision he sought to benefit from. *Owens*, 2012 WL 6213790, at *5. It was also explained

that any forecast by this Court on how the Sixth Circuit would decide the issue would be an improper advisory opinion. *Id.* In this context, the language from the Report and Recommendation simply clarified that it was not ruling on an issue or pre-judging any potential relief Petitioner may be entitled to pursue under *Wooten* in the Sixth Circuit. The Court's judicial restraint is not a ground for altering the judgment under Rule 59(e) or 60(b)(6).

While Petitioner continues to maintain that the Sixth Circuit will deny any attempt to return to that court, either because the Sixth Circuit previously denied Petitioner's pre-*Wooten* request to file a second or successive section 2255 motion, or because *Wooten* does not meet the criteria for filing such a motion, it would be improper for this Court to make that conclusion for the Sixth Circuit for the reasons stated above and in the November 7, 2012 Report and Recommendation. More importantly, Petitioner's belief that he cannot turn to that circuit does not automatically have the legal effect of "opening the door to a § 2241 petition" in this Court under the escape hatch (Motion at 2, 9), or otherwise alter this Court's conclusion that he had an "unobstructed procedural shot" when he presented his *Santos* claim to the Sixth Circuit and that court declined to authorize the filing of a successive section 2255 motion. *See Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000) ("§ 2241 is not available under the inadequate-or-ineffective-remedy escape hatch of § 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of § 2255"); *Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003) (to support section 2241 jurisdiction, petitioner "must never have had the opportunity to raise" claim of actual innocence by section 2255 motion); *Knight v. Rios*, No. 1:09-cv-00823-AWI-JLT HC, 2010 WL 5200906, *1-3

(E.D. Cal. Dec. 15, 2010)(denying motion for reconsideration under Rule 60(b) where, despite petitioner's "dogged assertion that he has not had an unobstructed procedural shot" to bring his claim, he presented nothing to alter the district court's conclusion that petitioner had such a shot when the Third Circuit denied a previous request to file a second or successive section 2255 motion). Petitioner has not met the requirements of either Rule 59(e) or Rule 60(b)(6).

### III. Conclusion

For the reasons discussed above, Petitioner's motion to alter judgment is DENIED.

Dated: March 3, 2013.

_____
S. James Otero
United States District Judge

Presented by:

_____
Marc L. Goldman
United States Magistrate Judge